UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES E. SMITH,  
    Petitioner,  
    v.  
HEDGPETH, warden,  
    Respondent.

No. C 08-1157 SI (pr)

**ORDER OF DISMISSAL**

    Petitioner commenced this action by filing a form "petition under 28 U.S.C. § 2254." The petition lists the conviction under attack as a 1995 conviction from the San Francisco Municipal or Superior Court that resulted in a three-year sentence. The petition is difficult to understand but appears to complain that petitioner's appellate counsel in the state court appeal failed to send him the California Supreme Court's decision in a timely manner. In the part of the petition in which the petitioner is to explain the grounds for relief, he cites a hodgepodge of statutes, rules and cases; the statements he makes seem to suggest he wants relief from an unidentified judgment under Federal Rule of Civil Procedure 60(b) on the ground that there was fraudulent concealment of the judgment.

    The most likely meaning of the petition is that it is an attempt to set aside the judgment of conviction from state court under Rule 60(b). Rule 60(b) does not, however, apply to state court judgments but only to judgments in federal district courts. Petitioner has not identified any federal court judgment he wishes to attack. As a Rule 60(b) challenge to a state court judgment, the petition is legally frivolous.

A second possible meaning is that the petition actually is intended to be a federal habeas challenge to the 1995 conviction. As such a challenge, it must be dismissed because petitioner has not obtained permission to file a second or successive petition and cannot meet the custody requirement. Petitioner challenged the 1995 San Francisco County Superior Court conviction in a federal habeas petition that was dismissed in 2007 because he was no longer in custody on the conviction. See Smith v. Early, 06-6959 MJJ. If petitioner wants to file another habeas petition challenging that 1995 conviction, he must first obtain permission from the U.S. Court of Appeals for the Ninth Circuit under 28 U.S.C. § 2244(b) to file a second or successive petition. He has not done so. Therefore, the petition will be dismissed without prejudice to him filing a new action if he obtains permission to do so. The court notes, however, that the same custody problem will exist for any new petition: if Smith was not in custody when he filed the action in 2006, he certainly was not in custody at the time he filed this action in 2008. (Although he is in prison, his current incarceration appears to stem from a 1999 conviction from San Mateo County that he challenged in Smith v. People, No. C 01-715 MJJ.)

This action is DISMISSED without prejudice to petitioner filing a second or successive petition challenging the 1995 San Francisco County Superior Court conviction if he ever obtains permission from the U.S. Court of Appeals for the Ninth Circuit under 28 U.S.C. § 2244(b).

IT IS SO ORDERED.

DATED: July 18, 2008

_____
SUSAN ILLSTON
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES E SMITH,

        Plaintiff,

v.

HEDGPETH et al,

        Defendant.

Case Number: CV08-01157 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James E. Smith J-74120
Kern Valley State Prison
P.O. Box 5102
Delano, CA 93216

Dated: July 22, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk